<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KERLO BARTHELUS, | : | Civil Action No. 03-4106 (DMC) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | <u>O P I N I O N</u> |
| | : | |
| W. STANLEY NUNN, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    KERLO BARTHELUS, #879804B
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey  08302
    Petitioner <u>Pro Se</u>

    LUCILLE M. ROSANO, Assistant Prosecutor
    ESSEX COUNTY PROSECUTOR
    Essex County Courts Building
    Newark, New Jersey  07102
    Attorneys for Respondents

<u>CAVANAUGH</u>, District Judge

    Kerlo Barthelus filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey, Essex County. Respondents filed an Answer seeking dismissal of the Petition on several grounds, including the statute of limitations, 28 U.S.C. § 2244(d).  For the reasons expressed below, the Court dismisses the Petition as untimely, <u>see</u> 28 U.S.C. § 2244(d)(1)(A) & (d)(2), and denies a certificate of appealability, <u>see</u> 28 U.S.C. § 2253(c)(2).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Essex County, on January 9, 1998, after a jury found him guilty of second degree conspiracy to kidnap and/or murder, and first degree kidnaping. The Law Division merged the counts, and sentenced Petitioner to a 25-year term, with a 10-year period of parole ineligibility. Petitioner appealed. In an opinion filed December 17, 1999, the Superior Court of New Jersey, Appellate Division, affirmed. State v. Barthelus, No. A-3863-97T4 slip op. (App. Div. Dec. 17, 1999). On March 28, 2000, the Supreme Court of New Jersey denied certification. State v. Barthelus, 163 N.J. 397 (March 28, 2000) (table).

On an unspecified date, Petitioner filed a state petition for post conviction relief in the Superior Court of New Jersey, Law Division. The petition presented no grounds.[1] The Law Division dismissed the petition at Petitioner's request by order dated January 7, 2003.[2]

---

[1] The form § 2254 Petition provides space to state the grounds raised in the petition, which Petitioner filled in as follows:

> Grounds raised: *NO GROUNDS RAISED THE ATTORNEY DECIDED TO WITHDRAW THE PETITION AND ADVISED ME TO PETITION HABEAS CORPUS (SEE ATTACHED).

(Pet. ¶ 11.a.3.)

[2] Attached to the Petition are copies of two letters to Petitioner from John Michael Szmitkowski, attorney at law, dated November 8, 2002, and February 5, 2003. In the first letter, Mr. Szmitkowski states that he received Petitioner's letter and submits the letter "[i]n furtherance to your desire to withdraw the PCR if I am unable to find any issues." (Pet. Attachm. PA#1.) After setting forth the issues raised on direct appeal, Mr. Szmitkowski states: "Upon reviewing your trial transcripts, trial file and appellate file, I am unable, absent additional input from you, to formulate issues that were not previously raised that should now be raised in a PCR proceeding." (Id. at PA#2.) In the February 5, 2003, letter Mr. Szmitkowski states: "In furtherance to your letter of January 29, 2003, may the within confirm that your files have been returned to the Office
(continued...)

On August 19, 2003, Petitioner executed the § 2254 Petition which is now before this Court. The Clerk received it on August 27, 2003. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition asserts six grounds, none of which raises a right newly recognized by the United States Supreme Court. The grounds are set forth below verbatim:

> Ground One: LIMITATION OF THE CROSS-EXAMINATION INFRINGED UPON RIGHTS OF PETITIONER'S CONFRONTATION DEPRIVED FAIR TRIAL AND VIOLATED RIGHTS PROVIDED UNDER DUE PROCESS, AND BOTH CONSTITUTIONS UNITED STATES & N.J.
>
> Ground Two: THE JURY INSTRUCTION VIOLATED PETITIONER'S RIGHT IN A TRIAL ONE THAT WAS NOT FAIR AND WAS MISLEAD, THE COURT INSTRUCTED THE JURY ON ACCOMPLICE LIABILITY AND CONSPIRACY, AND FAILED TO GIVE STANDARD CHARGE FOR MULTIPLE DEFENDANTS.
>
> Ground Three: THE USE OF PROSECUTION CAL[C]ULATED METHODS TO PRODUCE CONVICTION DEPRIVED THE PETITIONER OF A FAIR TRIAL AND VIOLATED THE DUE PROCESS CLAUSE.
>
> Ground Four: THE VERDICTS ARE UNCONSTITUTIONAL FINDING GUILTY OF FIRST DEGREE KIDNAP[]ING AND NOT GUILTY OF ATTEMPTED MURDER, AGGRAVATED ASSAULT, AND WEAPON OFFENSES.
>
> [Ground Five:] THE VERDICTS RETURNED WERE AGAINST THE WEIGHT OF THE EVIDENCE.

---

[2](...continued)
of the Public Defender. I wish you good luck in pursuing your case in the Federal courts." (Id. at PA#3.)

> [Ground Six:] FINALLY THE SENTENCE IS UNLAWFUL,
> AND UNCONSTITUTIONAL ALL FOR THE
> [A]FOREMENTIONED MISJUSTICE.

(Pet. ¶ 12.A. - 12.D.)

Respondents filed an Answer, accompanied by the state court record, arguing, inter alia, that the Petition should be dismissed as time-barred.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from
> filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted).

A post conviction petition that is untimely under state law is not "properly filed" within the meaning of § 2244(d)(2). Pace v. DeGuglielmo, 125 S.Ct. 1807, 1812 (2005) ("We fail to see how timeliness is any less a 'filing' requirement than the mechanical rules that are enforceable by clerks, if such rules exist"). Jurisdictional matters and fee payments, both of which often necessitate judicial scrutiny, are also conditions to filing. Id. In determining whether a filing is "properly filed," courts are guided by the common usage and common understanding of the phrase. Pace, 125 S.Ct. at 1811.

In this case, the applicable limitations provision is § 2244(d)(1)(A). The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed March 28, 2000. State v. Barthelus, 163 N.J. 397 (2000) (table). The statute of limitations therefore began to run on June 26, 2000, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court. See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). The limitations period expired 365 days later on June 26, 2001, absent statutory or equitable tolling.

Petitioner filed a post conviction relief application in the Law Division at an unspecified time, which the Law dismissed at Petitioner's request by order dated January 7, 2003. (Pet. ¶11; Answer ¶ 11.) However, Petitioner indicates on the face of the Petition that his state post conviction filing raised no grounds. (Pet. ¶ 11.a.3.) Under New Jersey Court Rules,

> A petition for post-conviction relief is cognizable if based upon any of the following grounds:
>
> (a) Substantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey;
>
> (b) Lack of jurisdiction of the court to impose the judgment rendered upon defendant's conviction;
>
> (c) Imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law.
>
> (d) Any ground heretofore available as a basis for collateral attack upon a conviction by habeas corpus or any other common-law or statutory remedy.

N.J. Ct. R. 3:22-2.

A post conviction relief application which contains no grounds for relief is not "in compliance with the applicable laws and rules governing filings," Artuz, 531 U.S. at 8, and is therefore not "properly filed" within the meaning of § 2244(d)(2). Id.; Pace, 125 S.Ct. at 1811-13. Thus, the statute of limitations was not statutorily tolled when Petitioner filed his post conviction papers in the Law Division.

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 125 S.Ct. at 1814. The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began,

the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner does not argue that the limitations period should be equitably tolled. This Court has reviewed the submissions of the parties and has found no extraordinary circumstance that might warrant equitable tolling of the limitations period. Under these circumstances, the statute of limitations expired on June 26, 2001. Because Petitioner filed his § 2254 Petition on August 19, 2003, and because he was not entitled to statutory or equitable tolling for any of that period, his Petition is barred by the statute of limitations. This Court dismisses the Petition as untimely. 28 U.S.C. § 2244(d)(1).

B. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. This Court denies a certificate of

appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus as untimely, and denies a certificate of appealability.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

DATED: ____Nov 4____, 2005